ADAMS COMPANY v. WASMER FRUIT COMPANY, Respondent, v. NESBIT et al. (WESTERN SURTY COMPANY) Appellants.

(159 N. W. 871.)

(File No. 3892.   Opinion filed November 13, 1916.)

1. **Pleadings—Indemnity—Surety Bond—Misjoinder of Causes—Waiver by Failure to Demur.**

   In a suit upon an indemnity bond, the objection by the Surety Company that the cause of action against the principal was in tort, while that against the surety was upon a bond which the principal did not sign, and that there was a misjoinder of causes of action, was waived by failure to demur to the complaint; construing Code Civ. Proc., Sec. 125.

2. **Indemnity—Surety Bond—Defense that Employee was Principal's Partner, Immateriality of.**

   In a suit upon an indemnity bond, indemnifying an employee against loss by reason of the fraud or dishonesty of an employee as cashier and manager, it is immaterial, upon an appeal from an adverse judgment by the principal in the bond, as to whether he was a partner of employer; the undisputed evidence showing his liability to employer for the amount of the verdict, whether he was an employee or a partner.

3. **Indemnity—Surety Bond—Appeal by Employee—Accounting, as Partners, Whether Considered on Appeal.**

   An employee and appellant against whom judgment in favor of his employer for the amount of certain mis-appropriation of funds has been rendered, cannot for the first time be heard on appeal to complain that there was no accounting and settlement between appellant and his employer, claimed by him to have been his partner.

Appeal from Circuit Court, Pennington County.   Hon. Levi McGee, Judge.

Action by Adams Company, doing business as Wasmer Fruit Company, against Claire A. Nesbit and Western Surety Company, to recover against Nesbit the amount of certain misappropriations of plaintiff's funds by him as employee, and to recover against said Surety Company upon its indemnity bond in favor

of plaintiff. From a judgment against defendant, Nesbit (principal in the surety bond), he appeals. Affirmed.

*Buell & Denu,* for Appellant.

*Martin & Mason,* for Respondent.

(1) To point one of the opinion, Respondent cited: Code Civ. Proc. Sec. 125.

GATES, J. This is a companion case to No. 3891 of the same title, 159 N. W. 869. Reference is made thereto for the facts. In that case the appeal was taken by the surety company. In this the appeal is taken by Nesbit, the principal. Both appeals are from the same judgment and order denying a new trial.

[1] It is urged that the cause of action against Nesbit was in tort, while that against the surety company was upon the bond, which Nesbit did not sign. This alleged misjoinder was waived by a failure to demur to the complaint. C. C. P. 125.

[2] It is urged that the evidence showed that during a portion of the time Nesbit was a partner of the plaintiff, instead of an employee. It is held in the companion case that the relation of employer and employee between the parties was unchanged, but, so far as Nesbit is concerned, that is immaterial. The evidence showed without dispute his liability to plaintiff for the amount of the directed verdict, whether he was an employee or a partner. He cannot, for the first time, be heard in this court to complain that there has been no accounting and settlement between the alleged partners.

Finding no error in the record, the judgment and order appealed from are affirmed as to appellant Nesbit.